UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ENRIQUE QUINTERO )
(a.d.a. NEPITA MORA REYES), )    No. CV-07-269-CI
)
         Petitioner, )    REPORT AND RECOMMENDATION TO
)    DISMISS AS UNTIMELY PETITION
v. )    FOR HABEAS RELIEF
)
DAN PACHOLKE, )
)
         Respondent. )
)

BEFORE THE COURT is Petitioner's First Amended Petition for Writ of Habeas Corpus (Ct. Rec. 5), and Respondent's Answer and Memorandum of Authorities, which this court construes as a Motion to Dismiss pursuant to Rule 8, Rules Governing § 2254 Cases. (Ct. Rec. 10, 13.)  Petitioner is proceeding pro se; Assistant Attorney General John J. Samson represents Respondent.  The parties have not consented to proceed before a magistrate judge.

Petitioner is in custody at the Stafford Creek Correction Center in Aberdeen, Washington pursuant to convictions by guilty plea in Douglas County on three counts of unlawful delivery of a controlled substance - methamphetamine. (Ct. Rec. 14, Exhibit 1, Judgment and Sentence, *State v. Quintero*, Douglas County Cause No. 04-1-00148-3.)[1]

---

[1] Citations herein to exhibits in the State Court Record (Ct. Rec. 14) will be referenced as "Exhibit ___."

REPORT AND RECOMMENDATION TO DISMISS AS
UNTIMELY PETITION FOR HABEAS RELIEF - 1

Petitioner seeks habeas relief based on the following claims: 1) prosecutorial misconduct of stacking of charges and delay in arrest allowing Petitioner to commit additional crimes which increased his offender score; and 2) ineffective assistance of counsel (failure to request a downward exceptional sentence). (Ct. Rec. 5.) Respondent argues Petitioner is barred from habeas relief because the federal petition is untimely. (Ct. Rec. 10 at 7.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], Pub. L. No. 104-132, (codified in scattered sections of 8, 15, 18, 22, 28, 40, 42, 50 U.S.C.), Petitioner has one year from one of the following dates to file for federal habeas relief unless tolled by state collateral proceedings:

 (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

 © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(2)). The statute of limitations under the AEDPA begins to run on the date the time for seeking *certiorari* expires. *Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999). Petitioner has 90 days after the Washington Supreme Court denies a petition for direct review within which to petition for a Writ of Certiorari from

the United States Supreme Court.

Here, Petitioner did not have a right to appeal in state court because he pled guilty and received a standard range sentence. RCW 9.94A.585(1)(former RCW 9.94A.210(1)); *see State v. McGill*, 112 Wash. App. 95, 99-100 (2002). Therefore, Petitioner's judgment and sentence became final upon entry on November 4, 2004 (Exhibit 1), and the statute of limitations for filing a federal habeas petition began on November 4, 2004.

Petitioner attempted a collateral attack on his judgment and sentence by filing a personal restraint petition (PRP) on November 3, 2005. (Exhibit 3.) The statute of limitations for filing a federal habeas petition is tolled during the time a State post-conviction or other collateral review of the "pertinent judgment or claim" is pending. 28 U.S.C. §2244 (d)(2). The Court of Appeals dismissed his PRP (Exhibit 7), and Petitioner filed a Motion for Discretionary Review by the Washington Supreme Court, which denied review of the PRP on June 26, 2007. (Exhibit 8, 9.) Thus, the statute of limitations ran for 363 days, from November 4, 2004, until November 3, 2005, and the time for filing the federal habeas petition was tolled while his PRP remained pending in the Washington courts. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations began to run again once the Supreme Court denied review, and continued until it expired two days later, on June 28, 2007. Petitioner filed his initial habeas petition in August 2007, beyond the permitted one year filing date. (Ct. Rec. 1.) The federal petition for habeas corpus is barred under 28 U.S.C. § 2244(d). Petitioner has not provided any legal or

1  factual grounds to support equitable tolling of the statute of
2  limitations. Accordingly, **IT IS RECOMMENDED** the Petition be
3  **DISMISSED WITH PREJUDICE.**

4                              **OBJECTIONS**

5        Any party may object to a magistrate judge's proposed findings,
6  recommendations or report within ten (10) days following service
7  with a copy thereof.  Such party shall file written objections with
8  the Clerk of the Court and serve objections on all parties,
9  specifically identifying the portions to which objection is being
10 made, and the basis therefor.  Any response to the objection shall
11 be filed within ten (10) days after receipt of the objection.
12 Attention is directed to FED. R. CIV. P. 6(d), which adds additional
13 time after certain kinds of service.

14       A district judge will make a de novo determination of those
15 portions to which objection is made and may accept, reject, or
16 modify the magistrate judge's determination.  The judge need not
17 conduct a new hearing or hear arguments and may consider the
18 magistrate judge's record and make an independent determination
19 thereon.  The judge may, but is not required to, accept or consider
20 additional evidence, or may recommit the matter to the magistrate
21 judge with instructions. *United States v. Howell*, 231 F.3d 615, 621
22 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72;
23 LMR 4, Local Rules for the Eastern District of Washington.

24       A magistrate judge's recommendation cannot be appealed to a
25 court of appeals; only the district judge's order or judgment can be
26 appealed.

27       The District Court Executive is directed to file this Report
28

REPORT AND RECOMMENDATION TO DISMISS AS
UNTIMELY PETITION FOR HABEAS RELIEF - 4

and Recommendation and provide copies to Petitioner, counsel for
Respondent and the referring district judge.

DATED September 8, 2008.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE